UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

DOCKET NO.

IVAN HODGE, PRO SE

PLAINTIFF,

V.

COMMISIONER OF CORRECTION,CAROL.A MICI

PAUL HENDERSON,FORMER DEPUTY COMMISSIONER OF FIELD SERVICES

PATRICK DEPALO,DEPUTY COMMISSIONER OF FIELD SERVICES

CHARLES  PRIMACK,DIRECTOR OF SPECIAL OPERATIONS

STEVEN KENNEWAY,FORMER SUPERINTENDENT OF S.B.C.C

DEFENDANTS

### INTRODUCTION.

1.This is a verified complaint to redress the deprivation of rights secured to the Plaintiff Ivan Hodge(Mr. Hodge),pro-se by the laws of the United States and the Commonwealth of Mas -sachusetts. While in the custody of the Department of Corre -ction(DOC) and in the care of the defendants,this Plaintiff was recklessly subjected to physical assault,humiliation,and torturous tactics at the hands of DOC employees,violating hi -s Constitutional Right to safe conditions of confinement,vio -lating departmental rules and regulations,causing permanent injury and emotional distress.

1.

2. Plaintiff alleges that the defendants were deliberately indifferent to his safety which ultimately resulted in inte -entional negligence, "Cruel and Unusual Punishment' which ca -used permanent injury when subjecting him to assault by sev -eral employees and torturous tactics carried out at the beh -est of the named defendants.

3. Plaintiff still suffers from hightened anxiety when aroun -d any correction staff since the incident and also still su -ffers from frequent severe knee pain.

4. WHEREFORE, the Plaintiff seeks monetary damages and decla -ratory relief, as this Plaintiff has exhausted all of his administrative remedies, to nonavail, and now asks this Court to hear and decide the claims set out in this civil action and Grant relief sought herein.


### JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the Plai -ntiff's claims, pursuant to 28. U.S.C. §§ 1331,1343 and 13 67. Venue is proper under 28 U.S.C. 1391(b).The Court has j -urisdiction to hear and decide all claims herein, pursuant to 42 U.S.C. § 1983, to redress the deprivation of rights se -cured to the Plaintiff pursuant to the United States Consti -tution and the Massachusetts Declaration of rights arising from the same facts and circumstances.

2.

6. The Plaintiff's claims are based on Eighth and Fourteen -th Amendments of the United States Constitution,as well as the common Law of the intentional infliction of emotional d -istress. Plaintiff seeks compensatory damages, as well as injunctive relief under M.G.L. c. 231A,et.seq.,against the defendants, who acted under Color of State Law.

## PARTIES

7. Plaintiff Ivan Hodge("Mr.Hodge"), is a 36 year old Black male incarcerated in the custody of the Massachusetts Depar -tment of Correction. Since March 27,2007 the plaintiff has beeh subjected to continuos unlawful conduct and many other Due Process violations while housed at the S.B.C.C facility but nothing like on the days of January 10,11,12,13,14,15,16 and 17th.

8. Defendant Carol A. Mici("Defendant Mici"), is the Commis -sioner of Correction. By statute, defendant Mici is responsi -ble for the administration of all state correctional facilit -ies in Massachusetts. See Mass Gen.Laws ch. 124,§ 1. Defen -dant Mici's responsibilities include overseeing the operatio -ns and personnel of the DOC statewide,including DOC faciliti -es and personnel in Suffolk County. Defendant Mici is being sued in both her Individual and Official Capacity.

3.

9. Defendant Paul Henderson("Defendant Henderson"),was then Deputy Commissioner of Field Services at DOC during the Jan -uary 10,2020 physical assaults and torture to black and his -panic uninvolved prisoners who remained on the N-1 unit aft -er the altercation occuered hours earlier. Defendant Hender -son's responsibilities comprised of overseeing all operation -s and activities of the special operations unit and office of Investigative Services of DOC in accordance with Federal and State Law. Defendant Henderson is currently assigned to the DOC's Special Operations K-9 Unit. He is at all times re -levant to the complaint and in relation to the allegations set forth in the Complaint,defendant Henderson was acting within the scope of his employment as an employee of the DOC and acted under the Color of State Law. He is being sued in both his Individual and Official Capacity.

10. Defendant Patrick Depalo("defendant depalo"),was the Ass istant Deputy Commmissioner of Field Services for the DOC du -ring the January 10,2020 assault and battery and torture to the uninvolved Black and Hispanic prisoners who were secured in there assigned cells on the N-1 Unit.Defendant Depalo is now the Deputy Commissioner of Field Services for the DOC. He is at all times relevant to the Complaint and in relation to the allegations set forth in the complaint,Defendant Depalo was acting within the scope of his employment as an employee of the DOCaand under the color of State Law.He is being sued in his Official Capacity.

4.

11. Defendant Charles Primack("defendant Primack"), was the Director of the DOC Special Operations Unit during the January 10,2020 assault and torture carried out on the Black an Hispanic uninvolved prisoners on the N-1 Unit. Defendant Primack was responsible for the daily operations of the unit, including deployment of the tactical teams use of force was implemented in accordance with Federal and State Law, and the DOC use of force regulations and policies,and for reviewing all uses of force regulations and policies within the DOC. Defendant Primack is now the assistant Deputy commisson -er of field Services,where he is responsible for managing Special Operations and investigative services. He is at all times relevant to this complaint and is in relation to  the allegations set forth in the Complaint. defendant Primack was acting witin the scope of his employment as an employee of the DOC and was acting under the color of state Law. He is being sued in both his individual and Official capacities.

12. Defendant Steven P. Kenneway("defendant Kenneway"),was the Superintendent of SBCC from February 2019 to on or about May 6 ,2020,during the assault and torture carried out by DOC emplo -yees on Black and Hispanic uninvolved prisoners who remained on the N-1 unit. He was the Chief Administrative Officer and oversaw all operational aspects of SBCC. He was responsible f -or autherizing the uses of force at SBCC compiled with State and Federal Law along with promulgated DOC use of force regu -lations and policies, and reviewing all uses of force within SBCC. He at all times is relevant to the Complaint and in rel relation to the allegations set forth in the Complaint, Defen

5.

-dant Kennewaywas acting within the scope of his employment as an employee of the DOC and under the Color of State Law He is being sued in both his Individual and Official capac -itties.

## BACKGROUND

18. The setting for this Civil Complaint is the Souza-Baranow -ski Correctional Center in Shirley,Massachusetts,a level 6 maximum facility prison where most of the states most viole -nt convicted prisoners are incarcerated at. Lack of staff accountability and proper administrative leadership and trai -ning is the cause why the SBCC facility is where it is today.

## STATEMENT OF FACTS

19. On January 10,2020,at approximately between 10:30-10:50am on the N-1 unit at SBCC,the Plaintiff did observe an altercat -ion occur between staff members and a group of prisoners. Pl -aintiff Hodge was in no way involved in the altercation and did comply when directed to lock into his assigned cell#64, (see video surveillance,January 10,2020).

20. Within a short time from the incident,the prisoners who believed to be involved were each removed from the N-1 unit.

21. At that point the N-1 unit was secured and each remaini -ng prisoner were locked in their assigned cells.

22. Hours later,Defendant Mici declared "Major Disorder" and authorized deployment of the Special Operations Division at

6.

SBCC. The Special Operations Division convened at SBCC, and soon following tactical teams went cell to cell on the N-1 unit, accosting beating and shooting certain prisoners(onl -y Black and Hispanic).

23. At approximately 2 or 3:00pm a tactical team of three then unknown C.O.'s("correctional officers") approached th -e Plaintiffs cell(cell #64) door and did accost him to tu -rn around and get the f*** on the floor.Plaintiff did as he was ordered to,turned,faced the back of the cell and wen =t to his knees.Plaintiff cannot recall if he was stripped but vividly remembers being layed down on his stomach and being handled over agressively with C.O.'s hands on the bac -k of his head being pushed down on with a knee planted on the plaintiffs neck,while one other C.O. kneeled on his leg -s.Once the plaintiff was placed in restraints,with cuffs on wrists tightly placed,and leg shackles,he was struck with a number of quick violent strikes to his back,back of his head and rib area. The defendants were unnecessarily stating"stop resisting". At no point had the Plaintiff resisted or been Non-compliant.

24. According to I.A.U reports and review of surveillance f -ootage gathered,states at approximately 3:09pm on January 10 ,2020"members of cell removal team approached Hodge's cell an -d enter. Hodge is escorted out of the cell by two (2) staff members in restraints. Hodge is escorted down the stairs and out of N-1 housing unit".

7.

20. According to I.A.U reports at approximately 3:12pm "Hod -ge is placed on his knees facing the wall in the level 2 S -outh Corridor".

21. According to I.A.U reports and review of surveillance f -ootage collected states"at approximately 3:47pm: Hodge alon -g with multiple other inmates in the corridor sat on his bu -ttocks with his back facing the wall". See Exhibit

22. At no point had plaintiff Mr.Hodge during or after thi i -nvestigation had been charged with any Disciplinary Offenses for 3-1-Lying to or providing false information to a staff m -ember or 3-17-Causing an individual to be penalized or proc -eeded against by providing false information. Had any of th -e Plaintiff's claims been untrue the DOC would have not hesi -tated exercising punitive action.

23. According to I.A.U. reports and review of surveillance f -ootage collected states "at approximately 3:48pm: during th -is time force was used by Marchand and Shephard to assist H -odge to his feet and back to his knees.See Exhibit

24. Plaintiff's already tight handcuff's placed on him were then further tightened to the point where the Plaintiff beg -an to lose feeling in his arms due to poor circulation,by one of the C.O.'s.The tightening caused slight bleeding and and bruising which were purplish on the plaintiff's dark com -plected skin,which lasted for days.See Exhibit

25. According to I.A.U. reports and review of surveillance footage collected states"At approximately 4:34PM: Hodge was

picked up from his knees and escorted to the visiting room entrance where a photograph was taken of him by I.P.S. off -icer then he was escorted to the visiting room to be stri -p searched in front of about 40 DOC employees or more alon -g with some female staff and with fellow prisoners.Forced to strip in the nude in a public area the Plaintiff was em -barrased,humiliated and afraid not knowing what to expect.

26. After the Plaintiff was publicly forced to strip naked, he was then forced to kneel again until he was brought to a blind-spot strip search area where he was then interviewed by two unknown male investiators from the DOC Milford Head -quarters.

27. Plaintiff Hodge then informed DOC investigators that N -1 C.O.'s involved in the altercation was always both unpr -ofessional and innapropriate in his conduct. His conduct in such a violent setting like inviting prisoners to fight and using certain words/names when referring to prisoners was not smart. Plaintiff also explained that incident ultim -ately happend due to the toxic culture of DOC failure to properly train it's staff members.

28. The Plaintiff then explained what was currently happen -ing to him and every prisoner in the N-1 unit and was told that they were not at S.B.C.C. for those purposes and that I should file a grievance about what has happend to me.

29. Plaintiff was then brought back to the level 2 corridor and was again forced to kneel until further notified.Eventu

-ally Plaintiff along with other prisoners were then escort -ed back to the N-1 unit.

30. At no point during the night of January 10,2020 was any Medical treatment provided to injured prisoners, myself inc -luded. At no point had any Nurses come to deliver Medicati -ons, sick call slips.

31. At no point from January 10,2020 to January 17,2020 was the N-1 unit given access to phones,visits or given access to a C.P.O.(Correctional Programs Officer) to provide us w -ith Informal Complaint and Grievance forms.

32. Plaintiff has filed grievance and grievance appeal,exha usting all of his administrative remedies pursuant to the P .L.R.A and M.G.L. c 258 § 4,to no avail.

33. Plaintiff has complied with the P.L.R.A and M.G.L. c. 2 58 § 4 and now sets forth these allegations in this Civil A -ction,seeking monetary damages and declaratory relief.

COUNT ONE

42 U.S.C. 1983-CRUEL AND UNUSUAL PUNISHMENT(Eighth Amendment)

34. The Plaintiff incorperates all allegations in paragraphs 1 through  ,as if fully set herein.

35. Defendants' misconduct as described in above title did d -eprive the Plaintiff's right to be free from unconstitution -al excessive use of force and punishment as guarenteed to h -im by both the Eighth and Fourteenth amendments of the Unite -d States Constitution.

10.

36. Defendants did on January 10,2020 direct,autherize,enc -ourage,condone, and permit the unnecessary and intentional excessive use of force which caused both physical and emoti -onal pain and suffering on the Plaintiff. The defendants' a -ctions were not done in "Good Faith" and intentions were no =done to maintain or restore order in the prison facility.

37. The actions of the defendants,Commissioner of Correction Carol A. Mici,Deputy Commissioner of Field Sevices,Paul Hend -erson,Deputy Commissioner of Field Services Patrick Depalo, Director of Special Operations,Charles Primack,and former S -uperintendent of SBCC et. al were all reckless and calous i -n their actions.

38. A force used on January 10,2020 fit the DOC's definition of a planned Use of Force, which DOC regulations and policy require all use of forces be recorded with a handheld video camera with audio. The administrative Supervisory Defendants knew and/or recklessly diregarded that the uniformed supervi -sory defendants and other tactical team officers were syste -matically failing to record the planned Use of Force.

39. The Administrative Supervisory Defendants failed to supe -rvise,monitor and investigate officers' uses of force and to discipline the excessive and unjustified force.

40. The Administrative Suprvisory Defendants knew the substa -ntial risk of serious harm that Plaintiff and other black a -nd hispanic prisoners at SBCC faced from the unnecessary ex -cessive use of force

11.

by the tactical team deployed. Defendants acted with delibe -rate indifferance in making innappropriate use of tactical teams to execute retaliation for an incident that had not di -rectly involved the Plaintiff.

41. As a result of the defendants' unjustified and unconstitu -tional conduct, the Plaintiff and other prisoners suffered b -oth physical and emotional injuries which caused pain and su -ffering.

42. Tactical teams did execute unconstitutional cruel and to -rturous tactics on prisoners at SBCC in retribution for an incident early in the day. the tactical team acted with abso -lute impunity. These policies and practices implemented wer -e greenlighted by the defendants.

43. The Administrative Supervisory Defendants were both prese -nt and notified of the unconstitutional acts of violence and humiliation as described in the complaint. Defendants failed to act to make sure that the prisoners who were subjected to unnecessary excessive use of force and torturous tactics at SBCC were treated humanely and in accordance with the rights afforded to them by the United States Constitution.

44. The defendants failed to provide adequate training and s -upervision of tactical team members, and failed to ensure t -hat allegations of excessive use of force were thoroughly in -vestigated. For these given reasons the defendants did viola -te the rights of the Plaintiff.

12.

45. The above described policies and practices were able to exist and thrive because the Administrative Supervisory Def-endants were deliberately indifferent.

## COUNT TWO

42 U.S.C. 1983-FAILURE TO INTERVENE(Eighth Amendment)

46. The Plaintiff incorperates all allegations in paragraphs 1 through   , as if fully set out herein.

47. As described in the above title, defendants each had rea-sonable oppurtunity and duty by law to prevent the violatio-n of the Plaintiffs' Constitutional Rights,but deliberately failed to do such.

48. Defendants intentionally failed to intervene when their subordinates acted with reckless misconduct and impunity vi-olating the rights of the Plaintiff,where Mr.Hodge suffered pain,physical injuries,humiliation and emotional distress.

## COUNT THREE

42 U.S.C.   1983-EQUAL PROTECTION(Fourteenth Amendment)

49. The Plaintiff incorperates all allegations in  paragraph-s  through  . Defendants were in clear violation of the Equ-al Protection Clause of the Fourteenth Amendment of the Uni-ted States Constitution,when they treated the Plaintiff who is African American along with other Black and Hispanic pris-oners differently from and worse than his similarly White p-rison peers.

50. Defendants did direct,encourage,condone and personally i-nflict illegal use of force against the Plaintiff along with

with other Black and Hispanic/Latin prisoners.Their attacks on both Black and Hispanic/Latin prisoners were more than o -bviously race and retaliatory based. The unequal treatment the Plaintiff and other Black and Hispanic/Latin prisoners w -ere subjected to served no compelling or legitimate penelog -ical interest.

51. Defendants actions were intentional and were carried out with malice and was reckless indifference to the rights of t -he Plaintiff. Where Plaintiff' subsequently assaulted and w -as subjected to retaliation based on his race which resulte -d in injury.  1983 is properly invoked herein,as the defend -ants have violated rights secured to the Plaintiff by the E -ighth and Fourteenth amendments of the United States Consti -tution.

52. The misconduct of the defendants and their subordinates who acted under their direction the Plaintiff was deprived o -f equal protection of the Law,in violation of the fourteent -th amendment of the United States Constitution. The Plainti -iff has suffered physical pain,physical injuries,heightened anxiety along with emotional distress.

COUNT FOUR

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53. The Plaintiff incorperates all allegations in paragraphs

54. DEfendants intended to and did inflict emotoinal distress and knew or should have known that emotional distress was li -kely to result from their extreme and illegal conduct.

14.

55. As a direct and proximate result of the defenants action -s and inactions,Plaintiff Hodge suffered severe emotional d -istress that no reasonable person should be expected to end -ure. The defendants actions were extreme and did cause the Plaintiff heightened anxiety Plaintiff feels severe angst wh =enever in the presence of any Correctional Officer.

PRAYER FOR RELIEF

Plaintiff requset that this Honorable Court enter and Order:

1. Declaratory relief,be granted,declaring the actions of th -e defendants,as described herein violated the Plaintiff's C -onstitutional Rights and regulatory rights.

2. Compensatory and punitive damages in the amount of $500,0 00,compensation from the defendants'

3. Appoint counsel to represent this Plaintiff, as the Plain -tiff lacks sufficient experience of a complaint of this mag -nitude and Plaintiff may be at disadvantage in attemps to p -rosecute his Claim.

4. Award attorney fees and other costs associated with filin -g this action.

5. Permit the Plaintiff to amend or supplement this action to cure deficiencies herein,to add parties,claims or evidence to seek additional relief if necessary.

6. Grant any and all relief that this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a "Trial By Jury" on all counts triable,pursuant to Rule 38B-of the Federal Rules of Civil Procedure and files this Complaint pusuant to M.G. C. 260 § 7,as Plaintiff has been incarcerated in Massachu -setts Department Of Correction throuhgout this Civil Ac -tion.

March 9 .,2023

Respectfully Submitted,

John Hodge
W89573

16.

## VERIFICATION

I,Ivan Hodge,pro-se,Plaintiff in the above captioned civil complaint, verify that the statements are true and accurate to the best of my memory and belief,and do so under the pa-ins and penalties of perjury.

February 15,2023                    Signed:

## CERTIFICATE OF SERVICE

I,Ivan Hodge,pro-se,Plaintiff have sent a true copy of the foregoing documents to the defendants ,via U.S. mail, on t-he undersigned date.

Date:.3-9-2023                    Signed:

17.

VERIFICATION